**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Terrance Hazelton, et al., :
:
        Plaintiffs, :
:
  v. : CIVIL ACTION NO.
: 1:09-cv-00026-JOF
DeKalb County, Georgia, et al., :
:
        Defendants. :
:

## **OPINION & ORDER**

The instant matter is before the court on Defendants Dr. Charles Clopton, Jr. and Correcthealth LLC's motion for a more definite statement [3].

Plaintiffs, Terrance Hazelton and Loquen Felicia Hazelton, brought suit against seven defendants, including Defendants Clopton and Correcthealth, alleging several separate constitutional violations pursuant to § 1983, as well as state law claims, wrongful death, breach of contract, and breach of duty to provide medical care. Plaintiffs' decedent, Joshua Hazelton, died in the DeKalb County jail, which Plaintiffs allege was partially due to the failure to give proper medical care. Defendants Clopton and Correcthealth made the current motion for a more definite statement. The remaining Defendants answered Plaintiffs' complaint [2].

A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). This standard is not stringent, requiring only "notice pleading." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). However, where the pleading is "so vague or ambiguous that [the defendant] cannot reasonably prepare a response[,]" the party can move for a more definite statement. Fed. R. Civ. P. 12(e). One situation where pleadings are vague and ambiguous is shotgun pleading, which occurs where the complaint fails to identify claims with enough definition to allow the defendant to respond. *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001). Shotgun pleadings "present an unfair burden" to a defendant. *Danow v. Borack*, 197 F. App'x. 853, 855 (11th Cir. 2006). If the claim is pled correctly,

> [T]he trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996).

Here, Plaintiffs bring suit against seven different defendants, yet none of their claims are directed at any specific person. Each allegation is directed at "the Defendants," encompassing all seven defendants. Plaintiffs never once refer to Defendant Clopton or Defendant Correcthealth individually or state any specific action or inaction on their part.

2

It is nearly impossible to determine which claim is directed at which defendant. Furthermore, Plaintiffs merely re-allege the facts under their first numbered cause of action to make up the factual basis for four of their other claims without clarifying which facts are relevant. Defendants cannot be expected to form a responsive pleading under these circumstances. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding plaintiff's complaint the "quintessential" shotgun pleading where allegations were addressed to all fourteen defendants and each count incorporated by reference the same set of facts). Neither this court nor Defendants should be required to "sift through the facts presented and decide for [itself] which [are] material to the particular cause of action asserted." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002) (citations omitted).

The court GRANTS Defendants Clopton and Correcthealth's motion for a more definite statement [3]. Plaintiffs are DIRECTED to file their amended complaint within ten (10) days of the date of this Order.

**IT IS SO ORDERED** this 31st day of August 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)